Case: 18-3389    Document:    Filed: 01/02/2019    Pages: 5

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

U.S.C.A. – 7th Circuit
R E C E I V E D

JAN 02 2019    1

GINO J. AGNELLO
CLERK

SHERMAN L. FIELDS

      Petitioner,

No. 18-3389

v.

WARDEN USP TERRE HAUTE

      Respondent.

---

IN RE: WRIT OF ACTUAL INNOCENCE

---

Sherman Lamont Fields
#15651-180
USP Terre Haute
P.O. Box 33
Terre Haute, Indiana
      47808
      Pro Se

COURT DIDN'T ADDRESS PETITIONER(S) FULL PETITION

Today Thursday December 20, 2018 Petitioner Fields received an Order from the Court denying Petitioner(s) Mandamus Petition, but the Order don't address the second question posed under the WRIT OF ACTUAL INNOCENCE; Is it Unconstitutional  TO MAKE THE PETITIONER WAIT  FOR RELEASE WHEN RELEASE SHOULD BE IMMEDIATE?

COURT DIDN'T ADDRESS COUNSEL(S) FULL RESPONSE
TO THE PETITION.

In Counsel's response to this Court dated December 6, 2018 Counsel urged this Court to " exercise its supervisory power and either assume control or direct the District Court to take steps to resolve (Petitioner(s) innocence claim."
In this Court's Order denying Mandamus the Court did not address the issue.

ARGUMENT

The prosecution's claim that " there are no forensics photo's " in light of their own forensics report stating that they do indeed have 35mm photo's on file is an inadvertent admission that the prosecution violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed .2d 215 (1963) in order to effectuate Petitioner's conviction and Death sentence, and those photo's aligned with the rest of the evidence Petitioner presented to the Court would have exonerated Petitioner in the murder case. In the absence of the photo's the forensics report would do the same because it proves that the photo's do exist, and it proves that the car Petitioner was driving was " Not clean " like the prosecution misled and defrauded the Court to believe.
Also, the forensics report(s) showing that " there are fingerprints " where the prosecution lied and defrauded the Court to believe that there were none, and " those prints  don't match Petitioner ", would

have   exonerated petitioner of the carjacking case where the
prosecution intentionally, deliberately, knowingly and willfully
violated Napue v. Illinois, 360 U.S. 264, 209, 3 L.Ed  .2d 1217, 79
S.Ct. 1173 (1959).

Petitioner Fields met the Schlup Gateway standard pursuant to
Schlup v. Delo, 513 U.S. 298, 314-16, 130 L. Ed .2d 808, 115 S.Ct.
851 (1995) by presenting " Newly presented " exculpatory evidence,
meaning evidence not presented to the jury at trial." See Gomez v.
Jaimet, 350 F.3d 673, 679-80 (7th Cir. 2003). If the jury would
have been able to SEE the forensics photo's they would have SEEN that
the car was " not clean " like the prosecution misled them to believe
and Petitioner would have been exonerated; If the jury would have
known that there were indeed fingerprints that don't match Petitioner
and the prosecution was lying when they misled them to believe that
" there were no fingerprints or nothing, this thing was clean," the

jury would have exonerated Fields. Due to the fact that those forensics
reports are now in the Court for the first time and those reports
dealing with the only physical evidence in the case makes it clear
that no jury would/could have convicted Fields in light of this
" Newly presented evidence " it is Unconstitutional to ignore,
postpone or put off Petitioner's inevitable release and finding of
Actual innocence.

### PETITIONER(S) INCARCERATION VIOLATES THE FOURTEENTH AMENDMENT

In Gardens v. Stephens, Sup. Ct. #13-546 (2013) cert. pending,
(5th Cir. 8/2/13) the Court held that " Due process of law prohibits
the conviction of either a legally and/or factually innocent person ",
and in light of the " newly presented " evidence in Petitioner's
case and the Governments inadvertent admittance of their violation
of Brady  there should be no doubt that  petitioner's continued
incarceration violates the Fourteenth Amendments Due process clause
and is thus illegal and Unconstitutional.

Furthermore, in Napue v. Illinois, 360 U.S. 264, 269, 3L. Ed .2d
1217, 79 S.Ct. 1173 (1959) the Court held that it is a violation of
Due process to allow knowingly false testimony to go uncorrected.
When the prosecution lied and said (1) " There were no fingerprints
or nothing, this thing was clean," while knowing that there were

indeed fingerprints and those prints exonerate Petitioner, it violated Fields' Due process rights under the Fourteenth Amendment; And (2) When the prosecution said that the reason they didn't find blood in the Grand Am is because the car was cleaned, while knowing all along that the car was " Not clean " and they were suppressing and withholding the photo's that proves that material fact, it violated Fields' Due process rights under the Fourteenth Amendment.

## EQUAL PROTECTION OF THE LAW(S)

Other Defendants with credible Napue v. Illinois violations and Brady v. Maryland violations, just as Fields have presented to the Court have had their convictions and Death sentence overturned and failure to overturn Fields' conviction(s) and Death sentence violates the Fourteenth Amendments " Equal protection of the laws " clause.

## PETITIONER(S) INCARCERATION VIOLATES THE EIGHTH  AMENDMENT

The years that the prosecution have stolen from Fields' life due to their intentional, deliberate, knowing and willful maliciousness, illegal and Unconstitutional conduct can never be returned to Fields or replaced,  those years are forever gone, lost, and over the years Fields have lost numerous family members that are now deceased, to include his beloved Grandmother, all of his maternal uncles, his nephew, several aunts and cousins and numerous friends; When Fields was sentenced to die for this crime that he did not commit his oldest child of five was thirteen years old, now Fields is the grandfather of thirteen kids. The mental and emotional strain that the prosecution's malicious, illegal and Unconstitutional  acts place on Fields along with his continued incarceration violate the eighth Amendment's cruel and Unusual punishment clause.

Furthermore, the evidence that Fields presented to the Court undoubtedly proves that no jury could/would have found him guilty had they known that the prosecutors and the police were willfully

lying and misleading/defrauding them, thus Fields is Actually and factually innocent and other defendants that have met this threshold have been exonerated. So Fields' continued incarceration violates the Eighth Amendments " Cruel and Unusual punishment " clause, and release should be immediate.


## CONCLUSION


Petitioner Fields, even after presenting this exonerating evidence to the Court tried to " work with " the prosecution to obtain a worthy solution, but the prosecution keeps stalling and offering " deals "

that no innocent person would accept. ( The government offered to

dismiss the murder and the Death penalty but Petitioner would have to agree not to challenge a carjacking charge that " newly presented " fingerprints prove the petitioner is innocent of ); Thus Petitioner asks that this Court issue Petitioner's WRIT OF ACTUAL INNOCENCE along with a certificate of Actual Innocence and Order Petitioner's immediate release.

Furthermore petitioner asks that this Court leave the " Johnson Issue ", the challenge to the Death penalty, and the challenge to the Antiterrorism and Effective Death Penalty Act to continue even after Petitioner's release.

Sincerely/Respectfully

Sherman Lamont Fields
#15651-180
USP Terre Haute
P.O. Box 33
Terre Haute, Indiana
47808